**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMANDA BAZZO,
as next friend of M.B., a Minor,

    Plaintiff,

v.                                                  Case No. 11-10241

UNITED STATES OF AMERICA,

    Defendant.

_____/

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

Pending before the court is a motion to dismiss for lack of jurisdiction, filed by the Government on April 8, 2011. Plaintiff Amanda Bazzo responded on April 27, 2011, and the Government replied on May 10, 2011. The court heard oral argument on June 29, 2011. For the reasons stated below, the Government's motion will be granted.

**I. BACKGROUND**

The parties agree upon the material facts. On January 17, 2008, Plaintiff gave birth to M.B. at Alpena General Hospital. Due to complications, M.B. suffered a variety of medical problems not germane to the instant motion. Plaintiff alleges these medical problems were injuries negligently caused by the attending physician, Dr. Christa Williams.[1] Unbeknownst to Plaintiff at that time, Williams was an employee of Alcona Citizens for Health, Inc. ("Health Center"), which received federal funding as a primary health center. As such, the Health Center and Williams were deemed employees of the United States pursuant to the Federally Supported Health Centers Assistance Act of

---

[1] Williams was named as a codefendant in the complaint, but she was later dismissed by stipulation. (4/13/2011 Stipulation and Order.)

1992 ("FSHCAA"), Pub. L. 102-501, 42 U.S.C. § 233(g)(1)(A). The FSHCAA further establishes the exclusive remedy for any personal injury resulting from medical treatment by an employee of the U.S. Public Health Service. 42 U.S.C. § 233(a), (g)(1)(A). Accordingly, Williams was classified as an employee of the United States acting within the scope of her employment for purposes of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671. The FTCA provides a limited waiver of sovereign immunity for negligent injuries caused by federal employees, provided claims are timely and properly bought. 28 U.S.C. § 1346(b)(1). Claims under the FTCA are "forever barred" if a plaintiff does not bring an administrative claim within two years of the time the injury accrues. 28 U.S.C. § 2401(b). Absent equitable tolling, therefore, the statute of limitations ran on Plaintiff's claim on January 17, 2010. On March 11, 2010, Plaintiff first sent the Health Center a notice of intent to file a claim. (Def. Mot. Ex. 5.) The Health Center responded with a letter indicating the applicability of the FTCA, received by Plaintiff on July 12, 2010. (Pl. Mot. Ex. C.) Plaintiff then presented an administrative claim to the U.S. Department of Health and Human Services, which was received on July 19, 2010. (Pl. Resp. Ex. I.) Receiving no response, Plaintiff filed a complaint in the instant case on January 20, 2011, claiming the injuries of M.B. resulted from negligence of the Health Center.

    On April 8, 2011, the Government brought this motion to dismiss on the grounds that the claim is barred by the two-year statute of limitations applicable to the FTCA. Plaintiff does not contest the foregoing, but she argues that the two-year statute of limitations should be equitably tolled because Plaintiff could not have reasonably known that the Health Center would be deemed an employee of the United States.

Specifically, Plaintiff states that she first learned that the Health Center was covered by the FSHCAA in a letter from the U.S. Department of Health and Human Services received on July 12, 2010. (Pl. Resp. Ex. C.) The Government contends that equitable tolling does not apply to the FTCA and, alternatively, that electronic and telephonic means of ascertaining FSHCAA health centers were available to Plaintiff.

## II.  STANDARD

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison,* 1 Cranch 137, 173-180 (1803)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction." *E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church & Sch.*, 597 F.3d 769, 776 (6th Cir. 2010).

Jurisdictional challenges under Rule 12(b)(1) can be either facial or factual. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). A facial challenge is directed at the allegations in the complaint, which the court must accept as true. *Id.* at 1134. Factual challenges rely on matters outside of the pleadings and, unlike motions under Rule 12(b)(6), "the court is empowered to resolve factual disputes." *Id.* at 1135 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial

court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.").

### III.  DISCUSSION

The Government moves to dismiss the above-captioned matter for lack of jurisdiction. Plaintiff admits not bringing her claim within the two-year limitations period established by the FTCA, instead arguing that the period should be equitably tolled. The Government contends that the limitations period in the FTCA is jurisdictional and cannot be equitably tolled. Alternatively, the Government argues that Plaintiff has not met her burden of showing equitable tolling should apply in this case.

First, the FTCA limitations period is susceptible to equitable tolling. Although the recent decision in *John R. Sand & Gravel Company v. United States*, 552 U.S. 130 (2008), raises questions regarding the applicability of equitable tolling to statutory waivers of sovereign immunity such as the FTCA, it does not resolve such questions. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 196 (3d Cir. 2009) (recognizing tension with *John R.* opinion but continuing to apply equitable tolling to FTCA cases); *see also Ruth v. Unifund CCR Partners*, 604 F.3d 908, 913 (6th Cir. 2010) (indicating equitable tolling may apply to statute of limitations of Fair Debt Collection Practices Act, citing *Santos*). Absent a clear statement of law irreconcilably contrary to existing precedent, this court is bound by the decision in *Glarner v. U.S. Department of Veterans Administration*, 30 F.3d 697 (6th Cir. 1994). In *Glarner*, the court held that the doctrine of equitable tolling applies to the FTCA statute of limitations in 42 U.S.C. § 2401(b). *Id.* at 701. Therefore, the court must consider Plaintiff's argument that equitable tolling applies to the instant case.

4

Second, the doctrine of equitable tolling does not apply to Plaintiff's claim. In deciding whether to apply the doctrine of equitable tolling, courts consider five factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). These factors may be neither comprehensive nor relevant to a particular case, however, so each claim for equitable tolling must be evaluated "on a case-by-case basis." *Solomon v. United States*, 467 F.3d 928, 933 (6th. Cir. 2006); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2005). The party seeking the equitable tolling of a statute of limitations bears the burden of proving entitlement to this exceptional measure. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The doctrine of equitable tolling must be applied "'sparingly' and not when there has only been 'a garden variety claim of excusable neglect.'" *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (citations omitted). This case presents just such a garden variety instance of failure to discover the identity of a party amounting to excusable neglect, at worst.

A quiet, below-the-radar investigation that does not reveal an essential fact is an unfortunate situation for Plaintiff, but the misfortune is insufficient to establish the diligence required by the high standard for equitable tolling. In the context of too much time having been expended in pre-suit negotiations, during which the statute of limitations ran out, Michigan Supreme Court Justice Eugene Black said, half a century ago, that such a result "proves again that oft-repeated byword successful trial lawyers learn, early in life the hard way: 'Sue first and talk later.'" *Melvin v. Reading*, 78 N.W.2d 181, 185 (Mich. 1956). Plaintiff has failed to demonstrate the extraordinary

5

circumstances preventing discovery of the Health Center's federal status. Although the Health Center may not be as obvious a federal agency as those in other actions under the FTCA, nothing was done to mislead Plaintiff about the facts, and her able counsel had literally years to investigate, more than sufficient opportunity to discovery the affiliation of Dr. Williams with the Health Center and the affiliation of the Health Center with the U.S. Department of Health and Human Services. *See Gonzalez v. United States*, 284 F.3d 281, 291-92 (1st Cir. 2002) (lack of knowledge of federal employee status insufficient for equitable tolling of FTCA); *Schappacher v. United States*, 475 F. Supp. 2d 749, 755-56 (S.D. Ohio 2007) (same). Therefore, the court finds that equitable tolling of the statute of limitations within the FTCA is inappropriate in this case.

### IV. CONCLUSION

IT IS ORDERED that the Government's motion to dismiss [Dkt. # 12] is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10241.BAZZO.Dismiss.12(b)(1).FTCA.SoL.nkt.2.wpd